EXHIBIT "A"

# INDEX TO STATE COURT RECORD

| Nos. | Description |
|------|-------------|
| **1.** | Plaintiffs' Complaint filed on 1/7/19 |
| **2.** | Plaintiffs' Certificate of Compulsory Arbitration filed on 1/7/19 |
| **3.** | Plaintiffs' Demand for Jury Trial filed on 1/8/19 |
| **4.** | Plaintiffs' Notice of Errata filed on 1/8/19 |
| **5.** | Plaintiffs' Amended Complaint filed on 4/19/19 |
| **6.** | Plaintiffs' Notice of Dismissal as to Defendants Farnsworth, McElwain, Yoeman, Wheeler, Wilson, and Harrison only filed on 4/19/19 |
|  |  |

# INDEX 1

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/07/2019 1:37AM
BY: MWOMACK
DEPUTY

Case No.: S1100CV201900034
HON.  THE HON ROBERT CARTER OLSON

RUBIN LAW PLC
3550 North Central Avenue, Suite 1010
Phoenix, Arizona 85012-2111
Telephone: (602) 795-4888
Facsimile: (602) 595-8777
Email: alex@rubinlawplc.com

Alexandra S. Rubin
State Bar #029777
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| DENNIS ASHCRAFT and BARBARA ASHCRAFT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PINAL COUNTY, a public entity; PINAL COUNTY SHERIFF'S OFFICE, a division of Pinal County; SHERIFF MARK LAMB, in his official and individual capacity; TANNER FARNSWORTH, in his individual capacity; JEFFREY McELWAIN, in his individual capacity; JOHN YOEMAN, in his individual capacity; ZACHARY WHEELER, in his individual capacity; SHAWN WILSON, in his individual capacity; RODERICK HARRISON, in his individual capacity; JOHN DOES I-L; JANE DOES LI-C; ABC CORPORATIONS CI-CL; and XYZ PARTNERSHIPS CLI-CC,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs DENNIS ASHCRAFT and BARBARA ASHCRAFT, husband and wife, by

and through counsel undersigned, for their cause of action herein allege as follows:

1.      Plaintiffs bring this civil action pursuant to 42 U.S.C. § 1983, the Fourth and

Fourteenth Amendments of the United States Constitution, A.R.S. § 12-821.01 and pendent

1   State common law and statutory laws.

2       2.    Plaintiffs have satisfied the provisions of A.R.S. § 12-821.01 by serving upon

3   Defendants a Notice of Claim more than sixty (60) days prior to the date of the filing of this

4   Complaint. Defendants have not responded to the Notice of Claim.

5   **JURISDICTION**

6       3.    This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28

7   U.S.C. § 1331 and 42 U.S.C. § 1988. Additionally, this Court has jurisdiction over Plaintiff's

8   State and Federal claims pursuant to Article 6, Section 14 of the Arizona Constitution.

9       4.    Venue is initially proper in this Court pursuant to A.R.S. § 12-401, as the majority

10  of the parties are residents of Pinal County, Arizona, and the events underlying this lawsuit

11  occurred in Pinal County, Arizona. Plaintiffs expressly reserve the right, however, to timely

12  change venue pursuant to A.R.S. § 12-408, because Pinal County is a party.

13  **DISCOVERY TIER**

14      5.    Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should

15  assign this case to Tier 3 based on the amount of damages requested, which exceeds

16  $300,000.00.

17  **PARTIES**

18      6.    At all times material hereto, Plaintiffs DENNIS ASHCRAFT and BARBARA

19  ASHCRAFT were husband and wife, and were residents of Pinal County, Arizona.

20      7.    Defendant PINAL COUNTY (hereinafter " Pinal County" or "the County") is a

21  public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised

22  Statutes and, as such, is subject to civil suit and may be held independently liable as an entity

23  and/or municipality, and/or vicariously liable for the wrongful conduct of its officers,

2

1 | employees, agents, districts, and division/sub-divisions, including (without limitation) the

2 | individual members of the Pinal County Board of Supervisors, Sheriff Lamb and the officers

3 | and employees of its divisions, the Pinal County Sheriff's Office.

4 |        8.      Defendant Pinal County Sheriff's Office (hereinafter "PCSO") is a political

5 | subdivision of Pinal County and the State of Arizona and constitutes an independent jural entity

6 | subject to civil suit.

7 |        9.      At all times material hereto, Defendant SHERIFF MARK LAMB was the duly-

8 | elected Sheriff of Pinal County. In such capacity, Lamb was an officer, agent and employee of

9 | the County and PCSO, with the authority and responsibility to establish policy, practices,

10 | customs, procedures, protocols and training for PCSO's Deputies and Dispatchers. His

11 | wrongful actions and/or inactions constitute actions of the County, the Board, and PCSO. The

12 | County, the Board and PCSO are vicariously liable and directly liable for his wrongful conduct,

13 | as alleged herein, including but not limited to the implementation of polices or customs and

14 | lack thereof as well as the negligent hiring, negligent supervision, negligent retention and lack

15 | of training of the Dispatchers and Deputies, which caused the damages alleged herein.

16 |      10.      At all times material hereto, Sheriff Lamb was operating under color of state law

17 | and acting in the course and scope of his employment with Pinal County. This individual is

18 | being sued in both his individual and official capacities.

19 |      11.      At all times material hereto, Defendant TANNER FARNSWORTH was a deputy

20 | with PCSO operating under color of state law, acting in the course and scope of his employment

21 | with Pinal County.  This individual is being sued in his individual capacity.

22 |      12.      At all times material hereto, Defendant JEFFREY McELWAIN was a deputy

23 | with PCSO operating under color of state law, acting in the course and scope of his employment

1   with Pinal County.  This individual is being sued in his individual capacity.

2        13.    At all times material hereto, Defendant JOHN YOEMAN was a deputy with

3   PCSO operating under color of state law, acting in the course and scope of his employment

4   with Pinal County.  This individual is being sued in his individual capacity.

5        14.    At all times material hereto, Defendant ZACHARY WHEELER was a deputy

6   with PCSO operating under color of state law, acting in the course and scope of his employment

7   with Pinal County.  This individual is being sued in his individual capacity.

8        15.    At all times material hereto, Defendant RODERICK HARRISON was a deputy

9   with PCSO operating under color of state law, acting in the course and scope of his employment

10   with Pinal County.  This individual is being sued in his individual capacity.

11        16.    Defendants John Does I-L, Jane Does LI-C and ABC Corporations CI-CL, and

12   XYZ Partnerships CLI-CC are all parties whose form and identity are to the Plaintiffs unknown,

13   who are made parties hereto only in the event the Defendant herein alleges that other persons

14   unknown to exist by Plaintiffs may have contributed to the causation of the injuries sustained

15   by Plaintiffs.

16        17.    Pinal County is vicariously liable for any liability attributable to the individually

17   named Defendants under state law.

18                        **RELEVANT FACTS**

19        18.    Plaintiffs reallege and incorporate by reference all allegations set forth in each of

20   the preceding paragraphs of this Complaint.

21        19.    On the evening of January 6, 2018, Plaintiffs were travelling southbound on

22   Ironwood Road when their vehicle was rammed into multiple times by a white, Ford pick-up

23   truck driven by a phantom motorist. After the third hit, at approximately 22:25 hours, Plaintiff

1    Barbara Ashcraft dialed 9-1-1 and reported the events to PCSO 9-1-1 Division Dispatcher

2    Nickolas Versteeg.

3        20.    During the course of the call, Dispatchers Melissa Burns, Shelly Stout, Nickolas

4    Versteeg and Jasmine Tiger (hereinafter collectively "the Dispatchers") participated in the

5    collection of information from Plaintiff Ashcraft and the communication of such information

6    to PCSO Deputies both orally and electronically.  At all times material hereto, the Dispatchers

7    were acting within the scope of their employment with Pinal County and in accordance with

8    the policies and customs implemented by Pinal County and PCSO using equipment provided

9    by Pinal County and PCSO.

10        21.    At the beginning of the 9-1-1 call, Plaintiff Barbara Ashcraft clearly explained

11    that she was the passenger and her husband was the driver of a GMC pick-up truck.  She

12    repeated this fact multiple times throughout the call and this information was made known to

13    the Defendant Deputies.

14        22.    During the course of the 9-1-1 call, PCSO Deputies Tanner Farnsworth, Jeffrey

15    McElwain, John Yoeman, Zachary Wheeler, Shawn Wilson and Roderick Harrison (hereinafter

16    collectively "the Deputies") were provided with information including but not limited to the

17    make and model of the Plaintiffs' vehicle and the phantom motorist's vehicle, the fact that the

18    Ford had rammed the GMC several additional times during the 9-1-1 call in the back and on

19    the side before passing it, the fact that the Plaintiffs' hazard lights had been turned on and left

20    on from the time the Plaintiffs were directed to do so, Mrs. Ashcraft's injured state, the location

21    of both vehicles as they proceeded southbound on Ironwood Road, westbound on Pima Road,

22    southbound on Signal Butte Road, and westbound on Ocotillo Road and the location of

23    Plaintiffs' vehicle when pulling over on East Rittenhouse Road.

23.    At no time prior to the ultimate traffic stop were Plaintiffs directed to stop their vehicle, but instead the Deputies and the Dispatchers continued to inquire as to the location of the phantom motorist who the Deputies and the Dispatchers were aware the Plaintiffs were following and reporting about.

24.    Throughout the 9-1-1 call, several of the Deputies visualized the Plaintiffs' GMC with its hazard lights on and recognized that it was the reporting party's vehicle.

25.    At one point during the 9-1-1 call, one of the Dispatchers erroneously communicated to the Deputies that the suspect about whom the Plaintiffs were reporting was driving a GMC; within seconds, the Dispatchers recognized this error and communicated same to the Deputies.

26.    At approximately 10:32 p.m., the Deputies and the Dispatchers advised Plaintiffs to pull to the side of the road and Plaintiffs followed this directive. Based on the Deputies' knowledge of circumstances prior to and at the moment that the Deputies approached the GMC with its hazard lights on, the Deputies knew or should have known the identity of Plaintiffs and that there were no reasonable grounds to search, seize and arrest Plaintiffs or use any force whatsoever against them.

27.    Nonetheless, the Deputies used unreasonable force in effecting a seizure of both Plaintiffs, depriving them of their constitutional rights and causing injuries to each of them.

28.    The Dispatchers immediately recognized that Deputies were conducting an unlawful and unwarranted seizure of Plaintiffs and immediately conveyed this information electronically and orally to the Deputies.

29.    The Dispatchers did not have the training or means to stop the Deputies from making physical contact with Plaintiffs and unlawfully arresting them.

30.   Furthermore, Plaintiffs desperately tried to explain explained to the Deputies that they were the reporting party and not the suspects the Deputies sought to arrest, but the Deputies ignored their pleas and continued to use unlawful force to arrest them, manhandle them, imprison them, injure them, inflict emotional distress upon them and deprive them of their constitutional rights as they violently placed both Plaintiffs in handcuffs and took Plaintiff Dennis Ashcraft to the ground.

31.   The actions of the Deputies and Dispatchers referenced above were performed under the color of state law, pursuant to governmental customs and policies of Pinal County and PCSO and due to a lack of training or resources which should have been provided by Pinal County and PCSO.

32.   As a result of the actions referenced above, Plaintiff Dennis Ashcraft sustained a deprivation of his constitutional rights, mental anguish and injuries to his back and other parts of his body.  By reason of said injuries, Plaintiff Barbara Ashcraft has sustained a loss of consortium.  Furthermore, by reason of said injuries, Plaintiff Dennis Ashcraft has incurred, and may continue to incur, medical costs.  These injuries have caused and continue to cause him great physical pain and suffering, which has impaired and continues to impair his ability to perform certain ordinary tasks for physical health, family, pleasure and satisfaction of life.

33.   As a result of the actions referenced above, Plaintiff Barbara Ashcraft sustained a deprivation of his constitutional rights, mental anguish and injuries to her shoulder, which required surgery, and other parts of her body.  By reason of said injuries, Plaintiff Dennis Ashcraft has sustained a loss of consortium.  Furthermore, by reason of said injuries, Plaintiff Barbara Ashcraft has incurred, and may continue to incur, medical costs and lost wages.  These injuries have caused and continue to cause her great physical pain and suffering, which has

7

1    impaired and continues to impair her ability to perform certain ordinary tasks for work, physical

2    health, family, pleasure and satisfaction of life.

3                                   **FIRST CLAIM FOR RELIEF**

4    **(Assault, Battery, False Imprisonment and Intentional Infliction of Emotional Distress)**

5          34.    Plaintiffs reallege and incorporate by reference all allegations set forth in each of

6    the preceding paragraphs of this Complaint.

7          35.    At all times material hereto, the Deputies had a duty to employ only reasonable

8    measures in their interaction and treatment of the Plaintiffs.

9          36.    The Deputies, without proper grounds, intentionally, willfully, maliciously and

10   violently caused apprehension of an immediate harmful or offensive contact by pointing their

11   guns at Plaintiffs and arresting them.  Furthermore, the Deputies caused harm or offensive

12   contact with Plaintiffs by bringing Plaintiff Dennis Ashcraft down to the ground and violently

13   placing both Defendants in handcuffs and manhandling them while effectuating their arrest.

14   The actions of the Deputies caused actual and apprehension of an immediate harmful or

15   offensive contact and such contact would offend a reasonable person.

16         37.    Given the totality of the circumstances, the Deputies were not acting for the

17   purposes of preventing the commission of a crime, a reasonable person would not have believed

18   that such force was immediately necessary for any reason and the arrest and detention of

19   Plaintiffs was unlawful.

20         38.    The Deputies, without proper grounds, acted intentionally to restrain Plaintiffs to

21   an area within the Deputies' control without lawful authority to do so and without Plaintiffs'

22   consent, resulting in the direct restraint of Plaintiff's liberty or freedom of movement, either by

23   actual force or from Plaintiffs' fear of force and the Deputies' act would have caused a

8

1  reasonably prudent person in the same situation as the Plaintiffs to believe that they were

2  restrained and Plaintiffs were aware of and harmed by the restraint.

3       39.    The Deputies conduct was extreme, outrageous and reckless, and it caused Plaintiffs to

4  suffer severe emotional distress.

5       40.    As a direct and proximate result of the aforementioned willful, malicious,

6  intentional and reckless actions, Plaintiffs have sustained both special and general damages

7  and therefore Defendants are liable for the damages suffered by Plaintiffs.

8                          **SECOND CLAIM FOR RELIEF**

9              **(Excessive Force and Deprivation of Constitutional Rights)**

10      41.    Plaintiffs reallege and incorporate by reference all allegations set forth in each

11  of the preceding paragraphs of this Complaint.

12      42.    By detaining, assaulting and arresting the Plaintiffs without proper grounds to

13  do so, the Deputies, with deliberate indifference to and reckless disregard for the safety and

14  well-being of the Plaintiffs and in violation of the 4th amendment to the Constitution,

15  committed an unreasonable seizure which deprived the Plaintiffs of their Constitutional rights.

16      43.    Plaintiffs were not engaged in any criminal act or illegal conduct that would

17  necessitate, warrant or justify any use of force against them by the Deputies.

18      44.    The Deputies acted maliciously, willfully, knowingly and with specific intent to

19  deprive the Plaintiffs of their rights secured by the Fourth Amendments to the United States

20  Constitution, including their right to be secure in their person and free from the use of

21  unreasonable force, by utilizing excessive force to arrest Plaintiffs, manhandle them, imprison

22  them, injure them and deprive them of their constitutional rights as they placed both Plaintiffs

23  in handcuffs when it was patently unnecessary to prevent injury to officers or third persons.

9

45. In doing so, the Deputies acted with a wanton disregard for the rights of Plaintiffs.

46. As a direct and proximate result of the unlawful use of force by the Deputies, Plaintiffs have sustained both special and general damages and therefore Defendants are liable for the damages suffered by Plaintiffs.

**FOURTH CLAIM FOR RELIEF**

**(Negligent Training and Supervision and Failure to Implement Appropriate Policies,**

**Amounting to Deliberate Indifference)**

47. Plaintiffs reallege and incorporate by reference all allegations set forth in each of the preceding paragraphs of this Complaint.

48. At all times material hereto, the Dispatchers and the Deputies were using equipment provided by The County and PCSO and were acting under the direction and control of and pursuant to the rules, regulations, policies and procedures implemented by The County and PCSO.

49. At all times material hereto, Pinal County, PCSO and Sheriff Mark Lamb had in effect and were responsible for the policies and procedures followed by the Dispatchers and the Deputies in the actions taken, and were further responsible for the equipment available to them and the hiring, training, supervision, monitoring and disciplining of the involved Dispatchers and Deputies.

50. Pinal County, PCSO and Sheriff Lamb had a policy, practice or custom of failing to adequately train, supervise, screen or hire staff such that this failure constitutes deliberate indifference to the constitutional rights of citizens, including Plaintiffs, guaranteed under the Fourth Amendment.

51. Pinal County, PCSO and Sheriff Lamb failed to train its Deputies about the

1  limitations of using force against others when the totality of the circumstances and available

2  knowledge clearly indicate that use of force is unwarranted, and failure to train about the

3  constitutional limitations of use of force constitutes deliberate indifference.

4      52.    As a direct and proximate result of Defendants' failure to properly hire, train,

5  supervise, monitor or discipline the Dispatchers and Deputies and as a result of the

6  implementation of the polices followed by the Dispatcher and the Deputies and the lack of

7  equipment provided to the Dispatchers and the Deputies, Deputies erroneously and unlawfully

8  arrested and assaulted the Plaintiffs by holding them at gunpoint, placing them in handcuffs

9  and using unlawful force to detain and arrest them.

10     53.    Pinal County, PCSO and Sheriff Mark Lamb are vicariously liable for the

11 Dispatchers' and the Deputies' actions, which resulted in Plaintiffs' damages referenced

12 herein.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

15     54.    Plaintiffs reallege and incorporate by reference all allegations set forth in each

16 of the preceding paragraphs of this Complaint.

17     55.    Pinal County is vicariously liable under respondeat superior for the actions of

18 any employee, agent or servant of Pinal County, including the that of Sheriff Lamb, the

19 Dispatchers and the Deputies referenced herein.

20     56.    Defendants in this case failed to act with reasonable care under the

21 circumstances.

22     57.    The Deputies breached the standard of care by using excessive force and by

23 failing to properly communicate with the Dispatchers.

58.    The County and PCSO breached the standard of care by negligently failing to train and supervise the Dispatchers and the Deputies and by failing to promulgate and enforce adequate policies and procedures to prevent the unjustified use of force by deputies of the Pinal County Sheriff's Office, including the Deputies referenced herein.

59.    As a direct and proximate result of Defendants' negligence, Plaintiffs have sustained both special and general damages and therefore Defendants are liable for the damages suffered by Plaintiffs.

## DAMAGES

60.    As a direct and proximate result of the Defendants' acts and omissions referenced herein, Plaintiffs suffered physical pain, mental anguish, deprivation of their constitutional rights and injuries to multiple parts of their body.  By reason of said injuries, Plaintiffs have incurred and may continue to incur medical costs.  These injuries have caused and continue to cause them great physical pain and suffering, which has impaired and continues to impair Plaintiffs of the ability to perform certain ordinary tasks for work, physical health, family, pleasure and satisfaction of life.

61.    Defendants are liable for Plaintiffs' special and general damages, and Plaintiffs are entitled to compensatory damages, punitive damages and attorney's fees and costs pursuant to the United State Constitution, Title 42 1983 and Arizona State Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this Court enter judgment in their favor, and against Defendants, and award in their favor as follows:

A.    Special damages for Plaintiff Dennis Ashcraft's past and future medical care;

B.    Special damages for Plaintiff Barbara Ashcraft's past and future medical care;

12

C.     General damages for Plaintiffs, in an amount to be proven at trial;

D.     Punitive damages in an amount deemed just and reasonable against Defendants and others that discovery will identify as to the causes of action alleged herein;

E.     For all of Plaintiffs' costs incurred in bringing this action;

F.     For all of Plaintiffs' attorney's fees against Defendants as to the causes of actions alleged under the Constitution and laws of the United States, pursuant to 42 U.S.C. §1988;

G.     All remedies provided by 42 U.S.C. § 1983; and

H.     For other such and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 6th day of January, 2018.

RUBIN LAW PLC

By: /s/ Alexandra S. Rubin
       Alexandra S. Rubin
       3550 North Central Avenue, Suite 1010
       Phoenix, Arizona 85012-2111
       *Attorneys for Plaintiffs*

INDEX 2

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/07/2019 1:37AM
BY: MWOMACK
DEPUTY

Case No.: S1100CV201900034
HON. THE HON ROBERT CARTER OLSON

Person/Attorney Filing: Alexandra S Rubin
Mailing Address: 3550 N. Central Ave. Suite 1010
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 795-4888
E-Mail Address: alex@rubinlawplc.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029777, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

Dennis Ashcraft, et al.
Plaintiff(s),
v.
Pinal County, et al.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Pinal County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Alexandra S Rubin /s/
Plaintiff/Attorney for Plaintiff

# INDEX 3

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/08/2019 11:02AM
BY: SGLORIA
DEPUTY

1  RUBIN LAW PLC
   3550 North Central Avenue, Suite 1010
2  Phoenix, Arizona 85012-2111
   Telephone: (602) 795-4888
3  Facsimile: (602) 595-8777
   Email: alex@rubinlawplc.com
4
   Alexandra S. Rubin
5  State Bar #029777
   *Attorneys for Plaintiffs*
6
7                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
                 IN AND FOR THE COUNTY OF PINAL

8  DENNIS ASHCRAFT and BARBARA          CASE NO.: S1100CV201900034
   ASHCRAFT, husband and wife,
9                                       **DEMAND FOR TRIAL BY JURY**
                       Plaintiffs,
10  v.

11  PINAL COUNTY, a public entity; PINAL
    COUNTY SHERIFF'S OFFICE, a division
12  of Pinal County; SHERIFF MARK LAMB,
    in his official and individual capacity;
13  TANNER FARNSWORTH, in his
    individual capacity; JEFFREY
14  McELWAIN, in his individual capacity;
    JOHN YOEMAN, in his individual
15  capacity; ZACHARY WHEELER, in his
    individual capacity; SHAWN WILSON, in
16  his individual capacity; RODERICK
    HARRISON, in his individual capacity;
17  JOHN DOES I-L; JANE DOES LI-C; ABC
    CORPORATIONS CI-CL; and XYZ
18  PARTNERSHIPS CLI-CC,

19                     Defendants.

20        Plaintiffs DENNIS ASHCRAFT and BARBARA ASHCRAFT, by and through counsel

21  undersigned, hereby request a trial by jury on all issues triable of right by jury.

22        **RESPECTFULLY SUBMITTED** this 8th day of January, 2019.

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

RUBIN LAW PLC

By: /s/ Alexandra S. Rubin
    Alexandra S. Rubin
    3550 North Central Avenue, Suite 1010
    Phoenix, Arizona 85012-2111
    *Attorneys for Plaintiffs*

# INDEX 4

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/08/2019 10:31AM
BY: SGLORIA
DEPUTY

1  RUBIN LAW PLC
   3550 North Central Avenue, Suite 1010
2  Phoenix, Arizona 85012-2111
   Telephone: (602) 795-4888
3  Facsimile: (602) 595-8777
   Email: alex@rubinlawplc.com
4
   Alexandra S. Rubin
5  State Bar #029777
   *Attorneys for Plaintiffs*
6
                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7                  IN AND FOR THE COUNTY OF PINAL

8  DENNIS ASHCRAFT and BARBARA          CASE NO.: S1100CV201900034
   ASHCRAFT, husband and wife,
9                                        **NOTICE OF ERRATA**
                       Plaintiffs,
10  v.

11  PINAL COUNTY, a public entity; PINAL
    COUNTY SHERIFF'S OFFICE, a division
12  of Pinal County; SHERIFF MARK LAMB,
    in his official and individual capacity;
13  TANNER FARNSWORTH, in his
    individual capacity; JEFFREY
14  McELWAIN, in his individual capacity;
    JOHN YOEMAN, in his individual
15  capacity; ZACHARY WHEELER, in his
    individual capacity; SHAWN WILSON, in
16  his individual capacity; RODERICK
    HARRISON, in his individual capacity;
17  JOHN DOES I-L; JANE DOES LI-C; ABC
    CORPORATIONS CI-CL; and XYZ
18  PARTNERSHIPS CLI-CC,

19                      Defendants.

20        Plaintiffs DENNIS ASHCRAFT and BARBARA ASHCRAFT, by and through counsel

21  undersigned, hereby file this Notice of Errata to correct errors in their Complaint. On page 10,

22  before paragraph 47, the title section, THE FOURTH CLAIM FOR RELIEF should be THE

23  **THIRD** CLAIM FOR RELIEF, and on page 11, before paragraph 54, the title section, THE

1  FIFTH CLAIM FOR RELIEF should be THE **FOURTH** CLAIM FOR RELIEF. Additionally,

2  on page 13, the submission date of this 6th day of January, 2018 should be this **7th** day of

3  January, **2019**.

4          **RESPECTFULLY SUBMITTED** this 8th day of January, 2019.

5

6          RUBIN LAW PLC

        By: _/s/ Alexandra S. Rubin_____
7              Alexandra S. Rubin
            3550 North Central Avenue, Suite 1010
8              Phoenix, Arizona 85012-2111
            *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INDEX 5

1   RUBIN LAW PLC
    3550 North Central Avenue, Suite 1010
2   Phoenix, Arizona 85012-2111
    Telephone: (602) 795-4888
3   Facsimile: (602) 595-8777
    Email: alex@rubinlawplc.com
4
    Alexandra S. Rubin
5   State Bar #029777
    *Attorneys for Plaintiffs*
6
                 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7                   IN AND FOR THE COUNTY OF PINAL

8   DENNIS ASHCRAFT and BARBARA          CASE NO.: S1100CV201900034
    ASHCRAFT, husband and wife,
9                                         **AMENDED COMPLAINT**
                        Plaintiffs,
10  v.                                    (Assigned to the Honorable Robert C.
                                          Olson)
11  PINAL COUNTY, a public entity; PINAL
    COUNTY SHERIFF'S OFFICE, a division
12  of Pinal County; SHERIFF MARK LAMB,
    in his official and individual capacity;
13  JOHN DOES I-L; JANE DOES LI-C; ABC
    CORPORATIONS   CI-CL;   and   XYZ
14  PARTNERSHIPS CLI-CC,

15                      Defendants.

16          Plaintiffs DENNIS ASHCRAFT and BARBARA ASHCRAFT, husband and wife, by

17  and through counsel undersigned, for their cause of action herein allege as follows:

18          1.     Plaintiffs bring this civil action pursuant to 42 U.S.C. § 1983, the Fourth and

19  Fourteenth Amendments of the United States Constitution, A.R.S. § 12-821.01 and pendent

20  State common law and statutory laws.

21          2.     Plaintiffs have satisfied the provisions of A.R.S. § 12-821.01 by serving upon

22  Defendants a Notice of Claim more than sixty (60) days prior to the date of the filing of this

23  Complaint. Defendants have not responded to the Notice of Claim.

**JURISDICTION**

3.     This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1988. Additionally, this Court has jurisdiction over Plaintiffs' State and Federal claims pursuant to Article 6, Section 14 of the Arizona Constitution.

4.     Venue is initially proper in this Court pursuant to A.R.S. § 12-401, as the majority of the parties are residents of Pinal County, Arizona, and the events underlying this lawsuit occurred in Pinal County, Arizona. Plaintiffs expressly reserve the right, however, to timely change venue pursuant to A.R.S. § 12-408, because Pinal County is a party.

**DISCOVERY TIER**

5.     Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign this case to Tier 3 based on the amount of damages requested, which exceeds $300,000.00.

**PARTIES**

6.     At all times material hereto, Plaintiffs DENNIS ASHCRAFT and BARBARA ASHCRAFT were husband and wife, and were residents of Pinal County, Arizona.

7.     Defendant PINAL COUNTY (hereinafter " Pinal County" or "the County") is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and, as such, is subject to civil suit and may be held independently liable as an entity and/or municipality, and/or vicariously liable for the wrongful conduct of its officers, employees, agents, districts, and division/sub-divisions, including (without limitation) the individual members of the Pinal County Board of Supervisors, Sheriff Lamb and the officers and employees of its divisions, the Pinal County Sheriff's Office.

8.     Defendant Pinal County Sheriff's Office (hereinafter "PCSO") is a political

2

subdivision of Pinal County and the State of Arizona and constitutes an independent jural entity subject to civil suit.

9.     At all times material hereto, Defendant SHERIFF MARK LAMB was the duly-elected Sheriff of Pinal County. In such capacity, Lamb was an officer, agent and employee of the County and PCSO, with the authority and responsibility to establish policy, practices, customs, procedures, protocols and training for PCSO's Deputies and Dispatchers. His wrongful actions and/or inactions constitute actions of the County, the Board, and PCSO. The County, the Board and PCSO are vicariously liable and directly liable for his wrongful conduct, as alleged herein, including but not limited to the implementation of polices or customs and lack thereof as well as the negligent hiring, negligent supervision, negligent retention and lack of training of the Dispatchers and Deputies, which caused the damages alleged herein.

10.     At all times material hereto, Sheriff Lamb was operating under color of state law and acting in the course and scope of his employment with Pinal County. This individual is being sued in both his individual and official capacities.

11.     At all times material hereto, Deputies Tanner Farnsworth, Jeffrey McElwain, John Yoeman, Zachary Wheeler, Shawn Wilson and Roderick Harrison (hereinafter collectively "the Deputies") were employed as deputies with PCSO operating under color of state law, acting in the course and scope of their employment with Pinal County.

12.     At all times material hereto, Dispatchers Melissa Burns, Shelly Stout, Nickolas Versteeg and Jasmine Tiger (hereinafter collectively "the Dispatchers") were employed as dispatchers with PCSO operating under color of state law, acting in the course and scope of their employment with Pinal County.

13.     Pinal County is vicariously liable for any liability attributable to the Deputies and

3

the Dispatchers referenced above.

14.     Defendants John Does I-L, Jane Does LI-C and ABC Corporations CI-CL, and XYZ Partnerships CLI-CC are all parties whose form and identity are to the Plaintiffs unknown, who are made parties hereto only in the event the Defendant herein alleges that other persons unknown to exist by Plaintiffs may have contributed to the causation of the injuries sustained by Plaintiffs.

## RELEVANT FACTS

15.     Plaintiffs reallege and incorporate by reference all allegations set forth in each of the preceding paragraphs of this Complaint.

16.     On the evening of January 6, 2018, Plaintiffs were travelling southbound on Ironwood Road when their vehicle was rammed into multiple times by a white, Ford pick-up truck driven by a phantom motorist. After the third hit, at approximately 22:25 hours, Plaintiff Barbara Ashcraft dialed 9-1-1 and reported the events to PCSO 9-1-1 Division Dispatcher Nickolas Versteeg.

17.     During the course of the call, Dispatchers Melissa Burns, Shelly Stout, Nickolas Versteeg and Jasmine Tiger ("the Dispatchers") participated in the collection of information from Plaintiff Ashcraft and the communication of such information to PCSO Deputies both orally and electronically.  At all times material hereto, the Dispatchers were acting within the scope of their employment with Pinal County and in accordance with the policies and customs implemented by Pinal County and PCSO using equipment provided by Pinal County and PCSO.

18.     At the beginning of the 9-1-1 call, Plaintiff Barbara Ashcraft clearly explained that she was the passenger and her husband was the driver of a GMC pick-up truck.  She

4

1   repeated this fact multiple times throughout the call and this information was made known to

2   the Deputies.

3        19.   During the course of the 9-1-1 call, PCSO Deputies Tanner Farnsworth, Jeffrey

4   McElwain, John Yoeman, Zachary Wheeler, Shawn Wilson and Roderick Harrison (the

5   "Deputies") were provided with information including but not limited to the make and model

6   of the Plaintiffs' vehicle and the phantom motorist's vehicle, the fact that the Ford had rammed

7   the GMC several additional times during the 9-1-1 call in the back and on the side before

8   passing it, the fact that the Plaintiffs' hazard lights had been turned on and left on from the time

9   the Plaintiffs were directed to do so, Mrs. Ashcraft's injured state, the location of both vehicles

10  as they proceeded southbound on Ironwood Road, westbound on Pima Road, southbound on

11  Signal Butte Road, and westbound on Ocotillo Road and the location of Plaintiffs' vehicle

12  when pulling over on East Rittenhouse Road.

13       20.   At no time prior to the ultimate traffic stop were Plaintiffs directed to stop their

14  vehicle, but instead the Deputies and the Dispatchers continued to inquire as to the location of

15  the phantom motorist who the Deputies and the Dispatchers were aware the Plaintiffs were

16  following and reporting about.

17       21.   Throughout the 9-1-1 call, several of the Deputies visualized the Plaintiffs' GMC

18  with its hazard lights on and recognized that it was the reporting party's vehicle.

19       22.   At one point during the 9-1-1 call, one of the Dispatchers erroneously

20  communicated to the Deputies that the suspect about whom the Plaintiffs were reporting was

21  driving a GMC; within seconds, the Dispatchers recognized this error and communicated same

22  to the Deputies.

23       23.   At approximately 10:32 p.m., the Deputies and the Dispatchers advised Plaintiffs

1   to pull to the side of the road and Plaintiffs followed this directive. Based on the Deputies'

2   knowledge of circumstances prior to and at the moment that the Deputies approached the GMC

3   with its hazard lights on, the Deputies knew or should have known the identity of Plaintiffs and

4   that there were no reasonable grounds to search, seize and arrest Plaintiffs or use any force

5   whatsoever against them.

6       24.     Nonetheless, the Deputies used unreasonable force in effecting a seizure of both

7   Plaintiffs, depriving them of their constitutional rights and causing injuries to each of them.

8       25.     The Dispatchers immediately recognized that Deputies were conducting an

9   unlawful and unwarranted seizure of Plaintiffs and immediately conveyed this information

10  electronically and orally to the Deputies.

11      26.     The Dispatchers did not have the training or means to stop the Deputies from

12  making physical contact with Plaintiffs and unlawfully arresting them, nor did the Deputies

13  have the training to receive this message or cease their unlawful activity.

14      27.     Furthermore, Plaintiffs desperately tried to explain explained to the Deputies that

15  they were the reporting party and not the suspects the Deputies sought to arrest, but the Deputies

16  ignored their pleas and continued to use unlawful force to arrest them, manhandle them,

17  imprison them, injure them, inflict emotional distress upon them and deprive them of their

18  constitutional rights as they violently placed both Plaintiffs in handcuffs and took Plaintiff

19  Dennis Ashcraft to the ground.

20      28.     The actions of the Deputies and Dispatchers referenced above were performed

21  under the color of state law, pursuant to governmental customs and policies of Pinal County

22  and PCSO and due to a lack of training or resources which should have been provided by Pinal

23  County and PCSO.

29.     As a result of the actions referenced above, Plaintiff Dennis Ashcraft sustained a deprivation of his constitutional rights, mental anguish and injuries to his back and other parts of his body.  By reason of said injuries, Plaintiff Barbara Ashcraft has sustained a loss of consortium.  Furthermore, by reason of said injuries, Plaintiff Dennis Ashcraft has incurred, and may continue to incur, medical costs.  These injuries have caused and continue to cause him great physical pain and suffering, which has impaired and continues to impair his ability to perform certain ordinary tasks for physical health, family, pleasure and satisfaction of life.

30.     As a result of the actions referenced above, Plaintiff Barbara Ashcraft sustained a deprivation of his constitutional rights, mental anguish and injuries to her shoulder, which required surgery, and other parts of her body.  By reason of said injuries, Plaintiff Dennis Ashcraft has sustained a loss of consortium.  Furthermore, by reason of said injuries, Plaintiff Barbara Ashcraft has incurred, and may continue to incur, medical costs and lost wages.  These injuries have caused and continue to cause her great physical pain and suffering, which has impaired and continues to impair her ability to perform certain ordinary tasks for work, physical health, family, pleasure and satisfaction of life.

## FIRST CLAIM FOR RELIEF

### (Assault, Battery, False Imprisonment and Intentional Infliction of Emotional Distress)

31.     Plaintiffs reallege and incorporate by reference all allegations set forth in each of the preceding paragraphs of this Complaint.

32.     At all times material hereto, the Deputies had a duty to employ only reasonable measures in their interaction and treatment of the Plaintiffs.

33.     The Deputies, without proper grounds, intentionally, willfully, maliciously and violently caused apprehension of an immediate harmful or offensive contact by pointing their

7

1   guns at Plaintiffs and arresting them.  Furthermore, the Deputies caused harm or offensive

2   contact with Plaintiffs by bringing Plaintiff Dennis Ashcraft down to the ground and violently

3   placing both Defendants in handcuffs and manhandling them while effectuating their arrest.

4   The actions of the Deputies caused actual and apprehension of an immediate harmful or

5   offensive contact and such contact would offend a reasonable person.

6         34.    Given the totality of the circumstances, the Deputies were not acting for the

7   purposes of preventing the commission of a crime, a reasonable person would not have believed

8   that such force was immediately necessary for any reason and the arrest and detention of

9   Plaintiffs was unlawful.

10         35.    The Deputies, without proper grounds, acted intentionally to restrain Plaintiffs to

11   an area within the Deputies' control without lawful authority to do so and without Plaintiffs'

12   consent, resulting in the direct restraint of Plaintiff's liberty or freedom of movement, either by

13   actual force or from Plaintiffs' fear of force and the Deputies' act would have caused a

14   reasonably prudent person in the same situation as the Plaintiffs to believe that they were

15   restrained and Plaintiffs were aware of and harmed by the restraint.

16         36.    The Deputies conduct was extreme, outrageous and reckless, and it caused

17   Plaintiffs to suffer severe emotional distress.

18         37.    As a direct and proximate result of the aforementioned willful, malicious,

19   intentional and reckless actions, Plaintiffs have sustained both special and general damages

20   and therefore Defendants are vicariously liable for the damages suffered by Plaintiffs.

21                     **SECOND CLAIM FOR RELIEF**

22           **(Excessive Force and Deprivation of Constitutional Rights)**

23         38.    Plaintiffs reallege and incorporate by reference all allegations set forth in each

of the preceding paragraphs of this Complaint.

39.     By detaining, assaulting and arresting the Plaintiffs without proper grounds to do so, the Deputies, with deliberate indifference to and reckless disregard for the safety and well-being of the Plaintiffs and in violation of the 4th amendment to the Constitution, committed an unreasonable seizure which deprived the Plaintiffs of their Constitutional rights.

40.     Plaintiffs were not engaged in any criminal act or illegal conduct that would necessitate, warrant or justify any use of force against them by the Deputies.

41.     The Deputies acted maliciously, willfully, knowingly and with specific intent to deprive the Plaintiffs of their rights secured by the Fourth Amendments to the United States Constitution, including their right to be secure in their person and free from the use of unreasonable force, by utilizing excessive force to arrest Plaintiffs, manhandle them, imprison them, injure them and deprive them of their constitutional rights as they placed both Plaintiffs in handcuffs when it was patently unnecessary to prevent injury to officers or third persons.

42.     In doing so, the Deputies acted with a wanton disregard for the rights of Plaintiffs.

43.     As a direct and proximate result of the unlawful use of force by the Deputies, Plaintiffs have sustained both special and general damages and therefore Defendants are vicariously liable for the damages suffered by Plaintiffs.

### THIRD CLAIM FOR RELIEF

### (Negligent Training and Supervision and Failure to Implement Appropriate Policies, Amounting to Deliberate Indifference)

44.     Plaintiffs reallege and incorporate by reference all allegations set forth in each of the preceding paragraphs of this Complaint.

45.     At all times material hereto, the Dispatchers and the Deputies were using

9

25

equipment provided by The County and PCSO and were acting under the direction and control of and pursuant to the rules, regulations, policies and procedures implemented by The County and PCSO.

46.     At all times material hereto, Pinal County, PCSO and Sheriff Mark Lamb had in effect and were responsible for the policies and procedures followed by the Dispatchers and the Deputies in the actions taken, and were further responsible for the equipment available to them and the hiring, training, supervision, monitoring and disciplining of the involved Dispatchers and Deputies.

47.     Pinal County, PCSO and Sheriff Lamb had a policy, practice or custom of failing to adequately train, supervise, screen or hire staff such that this failure constitutes deliberate indifference to the constitutional rights of citizens, including Plaintiffs, guaranteed under the Fourth Amendment.

48.     Pinal County, PCSO and Sheriff Lamb failed to train its Deputies about the limitations of using force against others when the totality of the circumstances and available knowledge clearly indicate that use of force is unwarranted, and failure to train about the constitutional limitations of use of force constitutes deliberate indifference.

49.     As a direct and proximate result of Defendants' failure to properly hire, train, supervise, monitor or discipline the Dispatchers and Deputies and as a result of the implementation of the polices followed by the Dispatcher and the Deputies and the lack of equipment provided to the Dispatchers and the Deputies, Deputies erroneously and unlawfully arrested and assaulted the Plaintiffs by holding them at gunpoint, placing them in handcuffs and using unlawful force to detain and arrest them.

50.     Pinal County, PCSO and Sheriff Mark Lamb are vicariously liable for the

1    Dispatchers' and the Deputies' actions, which resulted in Plaintiffs' damages referenced

2    herein.

3                              **FOURTH CLAIM FOR RELIEF**

4                                    **(Negligence)**

5         51.    Plaintiffs reallege and incorporate by reference all allegations set forth in each

6    of the preceding paragraphs of this Complaint.

7         52.    Pinal County is vicariously liable under respondeat superior for the actions of

8    any employee, agent or servant of Pinal County, including the that of Sheriff Lamb, the

9    Dispatchers and the Deputies referenced herein.

10        53.    Defendants in this case failed to act with reasonable care under the

11   circumstances.

12        54.    The Deputies and the Dispatchers in this case failed to act with reasonable care

13   under the circumstances when communicating with Plaintiffs and each other.

14        55.    The Deputies breached the standard of care by using excessive force and by

15   failing to properly communicate with the Dispatchers.

16        56.    The County and PCSO breached the standard of care by negligently failing to

17   train and supervise the Dispatchers and the Deputies and by failing to promulgate and enforce

18   adequate policies and procedures to prevent the unjustified use of force by deputies of the Pinal

19   County Sheriff's Office, including the Deputies referenced herein.

20        57.    As a direct and proximate result of Defendants' negligence, Plaintiffs have

21   sustained both special and general damages and therefore Defendants are liable for the

22   damages suffered by Plaintiffs.

23   //

                                            11

1

## **DAMAGES**

2      58.    As a direct and proximate result of the Defendants' acts and omissions

3 referenced herein, and/or the Dispatchers' and the Deputies' acts and omissions referenced

4 herein for which Defendants are vicariously liable, Plaintiffs suffered physical pain, mental

5 anguish, deprivation of their constitutional rights and injuries to multiple parts of their body.

6 By reason of said injuries, Plaintiffs have incurred and may continue to incur medical costs.

7 These injuries have caused and continue to cause them great physical pain and suffering, which

8 has impaired and continues to impair Plaintiffs of the ability to perform certain ordinary tasks

9 for work, physical health, family, pleasure and satisfaction of life.

10      59.    Defendants are liable for Plaintiffs' special and general damages, and Plaintiffs

11 are entitled to compensatory damages, punitive damages and attorney's fees and costs pursuant

12 to the United State Constitution, Title 42 1983 and Arizona State Law.

13

## **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiffs prays this Court enter judgment in their favor, and against

15 Defendants, and award in their favor as follows:

16     A.    Special damages for Plaintiff Dennis Ashcraft's past and future medical care;

17     B.    Special damages for Plaintiff Barbara Ashcraft's past and future medical care;

18     C.    General damages for Plaintiffs, in an amount to be proven at trial;

19     D.    Punitive damages in an amount deemed just and reasonable against Defendants

20          and others that discovery will identify as to the causes of action alleged herein;

21     E.    For all of Plaintiffs' costs incurred in bringing this action;

22     F.    For all of Plaintiffs' attorney's fees against Defendants as to the causes of actions

23          alleged under the Constitution and laws of the United States, pursuant to 42

1  U.S.C. §1988;

2  G.  All remedies provided by 42 U.S.C. § 1983; and

3  H.  For other such and further relief as this Court deems just and proper.

4  **RESPECTFULLY SUBMITTED** this 19th day of April, 2019.

5

6  RUBIN LAW PLC

7  By: /s/ Alexandra S. Rubin
   Alexandra S. Rubin
   3550 North Central Avenue, Suite 1010
8  Phoenix, Arizona 85012-2111
   *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

13

INDEX 6

RUBIN LAW PLC
3550 North Central Avenue, Suite 1010
Phoenix, Arizona 85012-2111
Telephone: (602) 795-4888
Facsimile: (602) 595-8777
Email: alex@rubinlawplc.com

Alexandra S. Rubin
State Bar #029777
*Attorneys for Plaintiffs*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| DENNIS ASHCRAFT and BARBARA ASHCRAFT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PINAL COUNTY, a public entity; PINAL COUNTY SHERIFF'S OFFICE, a division of Pinal County; SHERIFF MARK LAMB, in his official and individual capacity; TANNER FARNSWORTH, in his individual capacity; JEFFREY McELWAIN, in his individual capacity; JOHN YOEMAN, in his individual capacity; ZACHARY WHEELER, in his individual capacity; SHAWN WILSON, in his individual capacity; RODERICK HARRISON, in his individual capacity; JOHN DOES I-L; JANE DOES LI-C; ABC CORPORATIONS CI-CL; and XYZ PARTNERSHIPS CLI-CC,<br><br>Defendants. | CASE NO.: S1100CV201900034<br><br>**NOTICE OF DISMISSAL AS TO DEFENDANTS TANNER FARNSWORTH, JEFFREY McELWAIN, JOHN YOEMAN, ZACHARY WHEELER, SHAWN WILSON AND RODERICK HARRISON ONLY**<br><br>(Assigned to the Honorable Robert C. Olson) |

NOTICE IS HEREBY GIVEN that Plaintiffs, Dennis Ashcraft and Barbara Ashcraft, by and through counsel undersigned, and pursuant to Rule 41(a), Arizona Rules of Civil Procedure, hereby dismiss without prejudice, Defendants Tanner Farnsworth, Jeffrey McElwain, John Yoeman, Zachary Wheeler, Shawn Wilson and Roderick Harrison *only*, no

1    answer having been filed by said Defendants.

2          Nothing in this Notice of Dismissal should be construed as dismissal of Plaintiff's

3    Complaint against Defendants Pinal County, Pinal County Sheriff's Office, Sheriff Mark

4    Lamb, John Does I-L, Jane Does LI-C, ABC Corporations CI-CL and XYZ Partnerships CLI-

5    CC.

6          **RESPECTFULLY SUBMITTED** this 19th day of April, 2019.

7                                        RUBIN LAW PLC

8                                        By: _____

9                                        Alexandra S. Rubin
                                         3550 North Central Avenue, Suite 1010
                                         Phoenix, Arizona 85012-2111
10                                       *Attorneys for Plaintiffs*

11   ORIGINAL of the foregoing e-filed
     this 19th day of April, 2019, with copy to:

12   The Honorable Robert C. Olson
     Pinal County Superior Court
13   971 Jason Lopez Circle
     Florence, AZ 85232

14
     COPY of the foregoing mailed
15   this 19th day of April, 2019, to:

16   Jim Jellison
     Jellison Law Offices, PLLC
17   36889 N. Tom Darlington Dr., Ste. B7, Box 2800
     Carefree, AZ 85377
18   *Attorneys for Defendants*

19

20

21

22

23

                                          2