**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Dr.
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (602) 550-6405
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Pinal County, the Pinal County Sheriff's Office, and Sheriff Mark Lamb, in his official and individual capacity (the "Pinal County Defendants")

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dennis Ashcraft and Barbara Ashcraft, husband and wife,<br><br>      Plaintiffs,<br>vs.<br><br>Pinal County, a public entity; Pinal County Sheriff's Office, a division of Pinal County; Sheriff Mark Lamb, in his official and individual capacity; John Does I-L; Jane Does LI-C, ABC Corporations CI-CL; and XYZ Partnerships CLI-CC,<br><br>      Defendants. | Case No.: 2:19-cv-02614-DJH<br><br>**PINAL COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**(Jury trial demanded)** |

  The Pinal County Defendants, through undersigned counsel, and in response to Plaintiffs' Amended Complaint (hereinafter, the "Complaint") admit, deny, and allege as follows:

  1. The Pinal County Defendants deny the allegations contained in the following paragraphs of the Complaint: **2, 7, 8, 13, 20, 23, 24, 25, 26, 27, 28, 29, 30, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, and 59.**

  2. The Pinal County Defendants are without sufficient information to admit or deny the allegations contained in the following paragraphs of the Complaint and, therefore, deny them: **6, 14, and 21.**

  3. The Pinal County Defendants contend the allegations contained in the following paragraphs of the Complaint are legal conclusions, and not statements of fact, and therefore are subject to neither admission nor denial: **1, 3, 4, 5, 10, and 32.** To the extent any part of these

allegations are deemed factual or are intended to allege, or serve as a basis for, any liability or wrongdoing on the part of the Pinal County Defendants, the allegations are specifically denied. Notwithstanding the responses contained herein as to paragraphs **1** and **3** of the Complaint, the Pinal County Defendants agree this Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331, federal civil rights questions pursuant to 28 U.S.C. §1343, pendent jurisdiction over state law claims pursuant to 28 U.S.C. §1367, that venue is proper pursuant to 28 U.S.C. §1391, and affirmatively allege this matter is a Phoenix Precinct case pursuant to LRCiv. 77.1(a).

4. The Pinal County Defendants admit only that the allegations contained in the following paragraphs of the Complaint rely entirely on audio, video images, data recordings, reports, and/or other documents, the contents of which speak for themselves: **18, and 19**. The Pinal County Defendants deny that Plaintiffs have fairly and accurately described the content of the 911 dispatch audio recordings.

5. The Pinal County Defendants incorporate all of their other responses, as appropriate, in response to the allegations contained in the following paragraphs of the Complaint: **15, 31, 38, 44, and 51.**

6. As to the allegations contained in paragraph **9** of the Complaint, the Pinal County Defendants admit only that Sheriff Lamb is, and has been, the duly elected Sheriff of Pinal County and that his rights, duties, and obligations are generally described in the Arizona Constitution, A.R.S. §§ 11-441 through 11-459.01 and, variously, at common law. The Pinal County Defendants deny the remaining allegations contained in paragraph **9** of the Complaint.

7. As to the allegations contained in paragraph **11** of the Complaint, the Pinal County Defendants admit only that the listed persons are, or have been, Pinal County Sheriff's Deputies and were acting within the course and scope of their public employment during the subject incident. The Pinal County Defendants assert that any remaining allegations contained in paragraph **11** are legal conclusions that are subject to neither admission nor denial.

8. As to the allegations contained in paragraphs **12** and **17** of the Complaint, the Pinal County Defendants admit only that the named Dispatchers were on duty on the evening of January 6, 2018, were acting within the course and scope of their public employment, and that some, but not all, of them participated in the collection of and/or dissemination of information as they performed their duties as 911 dispatchers. The Pinal County Defendants assert that the remaining allegations of paragraphs **12** and **17** call for legal conclusions that are subject to neither admission nor denial. To the extent any remaining allegations are deemed factual or are intended to allege, or serve as a basis for, any liability or wrongdoing on the part of the Pinal County Defendants, the allegations are specifically denied.

9. As to the allegations contained in paragraph **16** of the Complaint, the Pinal County Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of the paragraph, but admit that, sometime during the evening of January 6, 2018, Plaintiff Barbara Ashcraft spoke with 911 dispatch personnel and made a report through 911 dispatch.

10. As to the allegations contained in paragraph **22** of the Complaint, the Pinal County Defendants admit only that one of the Dispatchers reported to law enforcement personnel over the 911 dispatch communications system that the suspect vehicle was a GMC truck, and deny the remaining allegations contained in paragraph **22** of the Complaint.

11. The Pinal County Defendants deny any and all factual allegations not expressly admitted to herein.

12. The Pinal County Defendants demand trial by jury on all triable issues.

### **AFFIRMATIVE DEFENSES**

1. Although not an affirmative defense, the Pinal County Defendants assert Plaintiffs do not state claims upon which relief may be granted.

2. The Pinal County Defendants assert failure to mitigate damages.

3. The Pinal County Defendant asserts offset or application of amounts received.

4. The Pinal County Defendants assert statute of limitations as to any additional claims or related parties.

5. The Pinal County Defendants assert entitlement to all immunities applicable under federal or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified, including, but not necessarily limited to, those immunities afforded pursuant to A.R.S. §§12-820.02, 820.04, 820.05, 12-713, 13-413, and common law. The Pinal County Defendants further asserts punitive damages are not authorized and/or are barred pursuant to authorities which include *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2478 (1981), A.R.S. §12-820.04, and/or any other constitutional, statutory, regulatory, and/or common law principle. The Pinal County Defendants further assert that none of its acts, omissions, or other conduct rise to the level authorizing an award of punitive damages, even if allowed.

6. The Pinal County Defendants assert Plaintiffs are wholly, comparatively, and/or contributorily at fault.

7. The Pinal County Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault, including but not limited to the alleged driver of the vehicle that allegedly assaulted Plaintiffs.

8. The Pinal County Defendants assert they acted lawfully at all times, and that all alleged conduct is legally justified and/or privileged under federal or state law, including but not limited to those justifications and privileges contained in Title 13 of the Arizona Revised Statutes.

9. The Pinal County Defendants assert the absence of *respondeat superior*, the absence of other forms of vicarious liability, or any form of joint and several liability as to all claims predicated on federal law, and as to all claims requiring a showing of right of control.

10. The Pinal County Defendants plead intervening and/or superseding causes.

11. The Pinal County Defendants assert failure to exhaust administrative remedies including, but not limited to, those administrative remedies and/or notices required by A.R.S. 12-821.01.

12. The Pinal County Defendants deny that the Pinal County Sheriff's Office is a jural entity subject to suit.

13. The Pinal County Defendants do not presently have specific facts in support of the following defenses, but wishes to put Plaintiff on notice that the Pinal County Defendants raises these defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel and/or waiver, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, collateral estoppel or issue preclusion, and statute of frauds.

WHEREFORE, the Pinal County Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiffs, and that the Pinal County Defendants be awarded all attorneys' fees, costs, and other forms of relief authorized by law or deemed just by this Court.

DATED this 30th day of April, 2019.

JELLISON LAW OFFICES, PLLC


/s/James M. Jellison
James M. Jellison
*Attorney for the Pinal County Defendants*

I hereby certify that on April 30, 2019
I electronically transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing, with service to the following
registrants.

//

Alexandra S. Rubin
RUBIN LAW PLC
3550 North Central Ave., Ste. 1010
Phoenix, Arizona 85012-2111
*Attorneys for Plaintiffs*

/s/James M. Jellison